UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALSONSO VALLE,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et al.,<br><br>Respondents. | Case No.:  26cv3731-LL-AHG<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 1] |

Before the Court is Petitioner Luis Alonso Valle's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Pet.")]. Also before the Court are Respondents' Return in Opposition to the Habeas Petition [ ECF No. 4 ("Ret.")] and Petitioner's Traverse [ECF No. 5 "Traverse"]. For the reasons set forth below, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus.

## I.    BACKGROUND

Petitioner Luis Alonso Valle is a 58-year-old native and citizen of the El Salvador. ECF No. 1-5, Declaration of Rogelio M. Chapa ("Chapa Decl.") ¶ 6. On March 19, 1986, Petitioner was admitted to the United States as a Lawful Permanent Resident. *Id*. ¶ 7. On January 29, 1993, Petitioner was convicted of first degree murder in Los Angeles County Superior Court and was sentenced to 30 years to life. *Id*. ¶ 8. Petitioner also has prior

criminal convictions from 1986 through 1991 for vehicle theft, possession of a weapon, burglary, driving under the influence, and driving with a suspended license. *Id*. ¶ 9. On March 20, 2025, Petitioner was taken into ICE custody from CDCR Correctional Training Facility in Soledad, California. *Id*. ¶ 14.

On September 10, 2025, an immigration judge ("IJ") granted Petitioner's application for Deferral of Removal under the Convention Against Torture ("CAT"), finding that Petitioner faces a substantial risk of torture if returned to El Salvador. *Id*. ¶¶ 15–17. The IJ also issued an order of removal to El Salvador. *Id*. ¶ 18. Petitioner waived his right to appeal, and Respondents appealed the IJ's CAT deferral grant to the Board of Immigration Appeals ("BIA"). *Id*. ¶¶ 20–21. To date, the BIA has not issued a decision on Respondents' appeal. *Id*. ¶ 22.

On June 25, 2026, Petitioner filed the instant Petition alleging his prolonged detention violates the Due Process Clause of the Fifth Amendment under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Pet. ¶¶ 49–66. Specifically, Petitioner argues that because his removal order became final on September 10, 2025, the six-month *Zadvydas* presumptive removal period expired on March 10, 2026. *Id*. ¶ 29. Petitioner seeks a writ of habeas corpus directing Respondents to, *inter alia*, release him from custody. *Id*. at 16–17 (Prayer for Relief).

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Hamdi*, 542

26cv3731-LL-AHG

U.S. at 536 (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas*, 533 U.S. at 688 ("Section 2441 habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention."); *see also Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order.").

## III.   DISCUSSION

When a noncitizen has been found to be unlawfully present in the United States and a final order of removal has been entered, they must be detained for 90 days pending the government's efforts to secure their removal. *See* 8 U.S.C. § 1231(a)(1)(A). This 90-day period is referred to as the "removal period." *Id*. After the removal period, this statute "limits [a noncitizen's] post-removal-period detention to a period reasonably necessary to bring about that [noncitizen's] removal from the United States" and "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id*. at 701. After this six-month period passes, the petitioner has the burden to "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. If the petitioner satisfies their initial burden, then the burden shifts to the Government to rebut that showing. *Id*. "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699. In that case, the noncitizen's release may be conditioned on any of the various forms of conditioned release, including an order of supervised release. *Id*. at 700.

Here, the parties dispute as to whether there is a final order of removal. Petitioner claims that his removal order became administratively final on September 10, 2025. Pet. ¶ 24, 29. Respondents claim that there is no administratively final removal order because the

Department of Homeland Security ("DHS") filed an appeal of the IJ's grant of the deferral of removal under CAT to the BIA. Ret. 2–3. However, as Petitioner correctly points out, the Supreme Court has held that "a CAT order is distinct from a final order of removal and does not affect the validity of the final order of removal." *Nasrallah v. Barr*, 590 U.S. 573, 583 (2020); *see also Coria v. Garland*, 114 F.4th 994, 1001 (9th Cir. 2024) (holding that a CAT order "'does not disturb the final order of removal' because the [noncitizen] remains removable at any time regardless of the ruling on the application for CAT protection.") Therefore, the Court finds that Petitioner's removal order became administratively final on September 10, 2025 when the IJ issued an order of removal to El Salvador. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021) ("the removal period begins when [a noncitizen] is 'ordered removed,' and the removal order becomes 'administratively final.'")

It has been over ten months since September 10, 2025; thus, this Court finds that Petitioner's current detention is no longer "presumptively reasonable." The Petitioner now has the initial burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. If the petitioner makes this showing, then the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id.*

The Court finds that Petitioner has not provided sufficient information to meet his initial burden under *Zadvydas*. Aside from asserting that Respondents have not removed him in the past fifteen months (Pet. ¶ 63), Petitioner raises no argument or reason to believe that his removal is not significantly likely in the foreseeable future. *See Azzo v. Noem*, 2025 WL 3535208, at *3 (S.D. Cal. Dec. 10, 2025) ("Petitioner must offer more than 'conclusory statements suggesting that he will not' be removed") (quoting *Andrade v. Gonzalez*, 459 F.3d 538, 543 (5th Cir. 2006)). Petitioner therefore fails to satisfy his initial burden under *Zadvydas*.

/ / /

/ / /

26cv3731-LL-AHG

## IV.    CONCLUSION

Based on the foregoing, the Court **DENIES WITHOUT PREJUDICE** Petitioner's Petition for Writ of Habeas Corpus [ECF No. 1]. Petitioner may file an amended petition curing the identified deficiencies on or before **August 14, 2026**.

**IT IS SO ORDERED.**

Dated:  July 24, 2026

_____
Honorable Linda Lopez
United States District Judge

26cv3731-LL-AHG