UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALSONSO VALLE,<br>Petitioner,<br>v.<br>CHRISTOPHER LAROSE, et al.,<br>Respondents. | Case No.: 26cv3731-LL-AHG<br><br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 7] |

Before the Court is Petitioner Luis Alonso Valle's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 7 ("Amended Petition")]. Also before the Court are Respondents' Response [ECF No. 11] and Petitioner's Traverse [ECF No. 12]. For the reasons set forth below, the Court **GRANTS** Petitioner's Amended Petition for Writ of Habeas Corpus and **ORDERS** Petitioner's immediate release from custody.

## I. BACKGROUND

Petitioner Luis Alonso Valle is a native and citizen of the El Salvador. ECF No. 6 at 1. Petitioner was admitted to the United States as a Lawful Permanent Resident on March 19, 1986. *Id*. In 1993, Petitioner was convicted of first degree murder in Los Angeles

County Superior Court and was sentenced to 30 years to life. *Id*. On March 20, 2025, Petitioner was taken into ICE custody upon completion of his sentence. *Id*. at 2.

On September 10, 2025, an immigration judge ("IJ") granted Petitioner's application for Deferral of Removal under the Convention Against Torture ("CAT"), finding that Petitioner faces a substantial risk of torture if returned to El Salvador. *Id*. at 2. Petitioner waived his right to appeal, and Respondents appealed the IJ's CAT deferral grant to the Board of Immigration Appeals ("BIA"). *Id*. To date, the BIA appeal remains pending. ECF No. 11 at 2.

On June 25, 2026, Petitioner filed a petition for writ of habeas, alleging that his prolonged detention violates the Fifth Amendment under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* ECF No. 1. On July 24, 2026, this Court denied the petition without prejudice, finding that Petitioner's detention was no longer presumptively reasonable but that Petitioner did not carry his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future. ECF No. 6 at 4.

On August 11, 2026, Petitioner filed the instant Amended Petition, alleging that there is no significant likelihood of his removal in the reasonably foreseeable future. ECF No. 7 at ¶¶ 28–44. Petitioner seeks a writ of habeas corpus directing Respondents to, *inter alia*, release him from custody. *Id.* at 18–19 (Prayer for Relief).

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Hamdi*, 542

U.S. at 536 (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas*, 533 U.S. at 688 ("Section 2441 habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention."); *see also Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order.").

## III. DISCUSSION

This Court has already found that Petitioner's removal order became administratively final when he waived his right to appeal the IJ's September 10, 2025 order[1] and that Petitioner's detention is "no longer presumptively reasonable" under *Zadvydas*. ECF No. 6 at 4. Thus, the only remaining issue is whether there is a "significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 689.

The Petitioner has the initial burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. If the petitioner makes this showing, then the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id.*

Here, Petitioner claims that it is unlikely that he will be removed in the foreseeable future because Respondents have not contacted Petitioner nor Petitioner's immigration counsel about obtaining Petitioner's travel documents (ECF No. 7 ¶¶ 29– 30, 37) or identified a third country for his removal (*id*. ¶ 34). In fact, Petitioner's counsel contacted ICE in early August to inquire about "whether it had obtained or requested travel documents; contacted the Government of El Salvador or any third country; identified a

[1] The Court rejects Respondents' claim that Petitioner's reliance on *Nasrallah v. Barr*, 590 U.S. 573 (2020) is misplaced. In *Nasrallah*, the Supreme Court expressly states "the immigration judge's or the [BIA's] ruling on a CAT claim does not affect the validity of the final order of removal and therefore does not merge into the final order of removal." *Nasrallah*, 590 U.S. at 582.

country willing to accept Petitioner; requested expedited adjudication of the BIA appeal; or established an anticipated removal date." *Id.* ¶ 41. But Petitioner's counsel never heard from ICE regarding any of these requests. *Id.* ¶ 42. Accordingly, the Court finds that Petitioner met his burden of showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

The burden now shifts to the government to rebut Petitioner's claims with evidence. Rather than addressing these questions, Respondents merely make the same argument about the BIA appeal affecting the final order of removal that this Court already rejected in its previous order. *See generally* ECF No. 11. Respondents wholly failed to provide any information or evidence as to whether they have identified a third country or obtained a travel document for Petitioner to be removed. *See e.g.*, *Karapetyan v. Warden of Otay Mesa Det. Ctr.*, No. 3:26-CV-00697-RBM-MSB, 2026 WL 1683509, at *3 (S.D. Cal. June 10, 2026) (removal was not reasonably foreseeable where the government identified a third country for removal but could not show that valid travel documents were issued for petitioner's removal); *Castro-Napoles v. Noem*, No. 26-CV-03212-RFL, 2026 WL 1720963, at *3 (S.D. Cal. June 15, 2026) (government's claim that they intend to submit a request for repatriation was insufficient to show likelihood of removal in the foreseeable future); *Nguyen v. Mullin*, No. 26-CV-2815-JAO (JLB), 2026 WL 1480803, at *4 (S.D. Cal. May 26, 2026) ("mere submission of a travel document request does not itself make removal reasonably likely"); *Grishchenko v. Noem*, No. 25-CV-3514-JES-JLB, 2025 WL 3675070, at *2 (S.D. Cal. Dec. 17, 2025) (burden not met when ICE failed to remove the petitioner on several occasions and failed to identify any potential third party countries which might accept the petitioner).

Thus, Respondents failed to rebut Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. In fact, Respondents have had over eleven months to remove Petitioner to a third country but have not done so. Therefore, Petitioner's continued detention is no longer authorized by statute or under *Zadvydas*. Accordingly, Petitioner's Amended Petition is **GRANTED**.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Amended Petition for Writ of Habeas Corpus [ECF No. 7] and **ORDERS** Respondents to immediately release Petitioner, subject to appropriate conditions of supervision at the discretion of Respondents. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated: August 26, 2026

Honorable Linda Lopez
United States District Judge